UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| REGINA BARTON, | : |
| Plaintiff, | : |
| v. | : |
| | : CASE NO. 1:13-cv-00059-SSB-SKB |
| HONEYWELL INTERNATIONAL, | : |
| INC.; MERCURY INSTRUMENTS LLC; | : |
| and JOHN DOE CORPORATION, | : |
| Defendant. | : |

## AGREED PROTECTIVE ORDER

Plaintiff, Regina Barton, and Defendants, Honeywell International, Inc., and Mercury Instruments LLC (hereinafter referred to individually as "party" and/or collectively as "parties"), by counsel, pursuant to Rule 26 of the Federal Rules of Civil Procedure, agree to the following terms and conditions regarding discovery in this cause. This Agreed Protective Order is limited to pretrial discovery only. If a party desires documents or information to be sealed from public record, the party must demonstrate good cause for such action in accordance with Federal Rule of Civil Procedure 26(c). In the event a party desires to file documents or information under seal, either party or any interested member of the public may challenge the secreting of this information. The parties request that the Court approve the terms of this Agreed Protective Order, as follows:

1. The parties may designate documents for which protected status is claimed by stamping or labeling such document as "Confidential" or "Confidential –

Subject to Protective Order" on the first page of each document or by any other reasonable means of giving notice of the parties' intent to claim protected status for the document. All documents and information produced in this action by any party and designated as confidential will be subject to the provisions of the Order. Upon the designation of any document as confidential, all copies of that document then or at any time thereafter in the possession or control of any party to this Order, from whatever source received, will be subject to the provisions of this Order.

2. "Confidential" material, as used in this Order, consists of the following documents and categories of documents:

    a. Non-public business records the disclosure of which could result in competitive or economic harm to Defendants or invade the privacy of individuals; and

    b. Personnel, employee and medical files, which may include, but are not limited to, payroll, compensation, medical records, benefit information, performance evaluations, and other general employment records.

3. If any party seeks to designate additional documents or categories of documents as confidential, it will be the burden of the party seeking protected status to move for a Court Order designating the material as confidential after the parties confer.

4. All portions of depositions, including any document marked as an exhibit or otherwise appended to any deposition, designated as "Confidential" by either party

at the deposition or at any time prior to the expiration of 20 days after receipt of a deposition transcript, will be treated as confidential under the terms of this Protective Order. During the 20-day period, all transcripts and the information contained therein will be deemed confidential in their entirety under the terms of this Protective Order. When practical, the party making a confidential designation will indicate the pages or sections of the transcript that are to be treated as confidential. The party seeking to file the deposition will retain the original transcript until the filing of the transcript is required by the Court or desired by a party.

5. All interrogatory answers, or other responses to pretrial discovery requests, designated by either party as "Confidential" will be delivered to the counsel for the party propounding that request without being filed with the Court unless filing is subsequently ordered by the Court or desired by a party.

6. Documents and information designated confidential in accordance with this Order will be used solely for the purpose of this action or appeal, and, unless the Court rules otherwise, such documents or information will not be disclosed to any person other than (a) counsel of record to any party to this Order; (b) the legal, clerical, paralegal staff, or other staff of counsel to this action employed during the preparation for and trial of this action; (c) the parties to this Order and the principals, officers, agents, and employees of a party; (d) persons retained by either party to this Order to furnish expert services or advice or to give expert testimony in this action (and their employees); (e) potential witnesses interviewed by counsel for a party; (f) deponents and court reporters in this action; and (g) the Court, Court

personnel, and jurors. Confidential documents or information disclosed to any such person must not be disclosed by him or her to any other person not included within the foregoing subparagraphs (a) through (g) of this paragraph. No documents or information designated as confidential pursuant to this Order will be used by any such person for any purpose other than for the preparation, trial, appeal, and/or settlement of this action. In no event, however, will any documents or information designated as confidential be disclosed to any employee, agent, representative, or anyone closely affiliated with a known competitor of a party.

7. If counsel for a party hereafter desires to make confidential documents or information available to any person other than those referred to in paragraph 6 above, counsel must designate the material involved, identify the person to whom he or she wishes to make disclosure, and inform counsel for the opposing party of their desire. If counsel are subsequently unable to agree on the terms and conditions of disclosure to persons not enumerated in paragraph 6, disclosure may be made only on such terms as the Court may order.

8. All parties have the right to object to the designation of a document as confidential. If a party objects to the designation of any document or information as confidential, counsel for the objecting party must notify all counsel of record of the objection. If disputes regarding the objection cannot be resolved by agreement, counsel may move this Court for an order denying confidential treatment to the documents or information in question. If such a motion is filed, the document or information will be kept confidential pending ruling on the motion.

9. The provisions of this Protective Order shall not affect, and this Order does not limit, the use or admissibility of confidential material as evidence at trial, or during a hearing or similar proceeding in this action or as part of the record on appeal, provided that either party may seek an appropriate Court Order to protect confidential material. Any document, exhibit, or transcript designated confidential under this Order, and that is otherwise admissible, may be used at trial, subject to the terms of this Order, provided that all "confidential" stamps placed on any document, exhibit, or transcript pursuant to this Order may be removed prior to use at trial by the party seeking to use the document, exhibit, or transcript. Confidentiality of a document will not inhibit a party from utilizing a document in these proceedings. The removal of the "confidential" stamp under this paragraph, however, will not affect the parties' obligation to maintain the confidential status of the document or information in their own files outside of these legal proceedings.

10. Nothing in this Protective Order shall be deemed to preclude any party or interested member of the public from seeking and obtaining, on an appropriate showing, a modification of this Order including additional protection with respect to the confidentiality of material or the removal of a confidential designation. Should counsel or an interested member of the public disagree with any designation of a document as confidential, he or she first shall attempt to resolve such dispute with the party asserting confidentiality, and if unsuccessful, apply to the Court for a determination as to whether the document or information should remain designated as confidential.

11. The restrictions set forth in this Protective Order shall not apply to information or material that was, is, or becomes public knowledge in a manner other than by violation of this Order.

12. Confidential material may be filed with the Court. Should any party have good cause to seal from public view any confidential information that is filed with the Court, that party must file a separate and specific motion for such protection, and the motion will be granted only for good cause shown and if consistent with Sixth Circuit case law regarding filing materials under seal.

13. Any member of the public may challenge any attempt by any party to the sealing or redaction of documents filed with the Court.

14. At the conclusion of the litigation, including any appeals, all confidential material received under the protections of this Order (and all copies) will be retained by counsel in their legal files, destroyed, or returned to the producing party, except any documents containing non-public budgetary or financial information relating to Defendant or its affiliates must be destroyed or returned within 30 days of a request by Defendants' counsel if the request is made within 45 days of the conclusion of the litigation and specifically identifies the documents requested. Counsel will not have to dismantle or disclose his or her own work product, however, to return or destroy confidential material provided all such confidential material must be retained by counsel on a confidential basis until discarded. Insofar as the provisions of this Order restrict the communication and use of confidential material and confidential information, those provisions will

continue to be binding on all parties and individuals receiving confidential materials after the conclusion of this litigation, unless the producing party provides written permission or the Court further orders otherwise.

15. Nothing contained in this Order, nor any action taken in compliance with it, will (a) operate as an admission or assertion by any witness or person or entity producing documents that any particular document or information is, or is not, confidential or (b) prejudice in any way the right of any party to seek a Court determination of whether or not it should remain confidential and subject to the terms of this Order. Any party to this Order may request the Court to grant relief from any provision of this Order.

16. Nothing herein constitutes or may be interpreted as a waiver by any party of the attorney-client privilege, attorney work product protection, or any other privilege.

17. It is recognized by the parties to this Order that, due to the exigencies of providing numerous documents and the taking of testimony, certain documents or testimony may be designated erroneously as confidential, or documents or information that are entitled to confidential treatment erroneously may not be designated as confidential. The parties to this Order may correct their confidentiality designations, or lack thereof, and then will, at their own expense, furnish to all counsel copies of the documents for which there is a change in designation, unless copies have already been provided.

18. Documents or information produced by any party prior to the entry of this Order by the Court will be subject to the provisions of this Order to the same extent as if the Order had been entered by the Court as of the date the documents or information were produced.

19. Nothing in this Order prevents any party from using or disclosing its own documents or information in any way, regardless of whether they are designated confidential.

20. The production by a party or non-party of any privileged or arguably privileged materials or information shall not be deemed to be: (a) a general waiver of the attorney-client privilege, the work product doctrine or any other applicable privilege or protection; (b) a specific waiver of any such privilege with respect to the material being produced or any subject matter thereof; or (c) a waiver of any other rights the producing party or non-party may have under Fed. R. Evid. 502 and any applicable law. Upon the producing party's or non-party's request, the parties agree to return to the producing party or non-party inadvertently produced privileged materials.

21. The Court retains jurisdiction to make such amendments, modifications and additions to this Order as the Court may from time to time deem appropriate. The Court shall further retain jurisdiction to resolve any disputes concerning the disposition of materials containing Confidential Information at the termination of this action for the period of one-year.

22. This Order may be amended by the written agreement of counsel for the Parties in the form of a stipulation that shall be approved by the Court and filed herein.

Dated: 9/6/13

*Stephanie K Bowman*
Judge, United States District Court,
Southern District of Ohio, Western Division

Service will be made electronically on
all ECF-registered counsel of record via
e-mail generated by the court's ECF system.

15775696.1